IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>ALFREDO VENANCIO DOMINGUEZ,<br>and NATHANIEL LEE STEPHENSON,<br><br>Defendants. | 4:24CR3087<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendant Alfredo Venancio Dominguez's motion for bill of particulars, Filing No. 86. For the reasons stated below, the motion for bill of particulars is denied.

## BACKGROUND

On October 22, 2024 an indictment was filed against Dominguez and his co-defendant, Nathaniel Lee Stephenson. Filing No. 1. The indictment alleges three total counts, two of which are alleged against Dominguez. Count I alleges that beginning on or about June 11, 2024 and continuing to on or about July 15, 2024, Dominguez and Stephenson engaged in a conspiracy to distribute 50 grams or more of methamphetamine actual and, before such offense was committed, Dominguez had a final conviction for a serious violent felony in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1), 846, and 851. Count II alleges that on or about July 15, 2024, Domingez violated 18 U.S.C. 924(c)(1)(A) when he is alleged to have knowingly possessed a firearm in furtherance of a drug trafficking crime, namely the crime set forth in Count I.

1

## ANALYSIS

Dominguez moves the Court to require the government to file a bill of particulars describing: (a) when, where and in what manner defendant is alleged to have become a member of the charged conspiracy; (b) the names of any alleged co-conspirators known to the Government but not named in the indictment; and (c) a description of any overt acts in furtherance of an alleged conspiracy in which Defendant participated. Filing No. 86. More specifically, Dominguez takes issue with the fact that the indictment alleges "the involvement of unnamed co-conspirators, fails to describe the approximate date, means or manner Defendant is believed to have joined in the conspiracy, and alleges no acts Defendant alleged [sic] committed in furtherance of the conspiracy." *Id.* Dominguez's motion appears specific to Count I of the indictment.

In support of his motion, Dominguez argues the allegations in the indictment and discovery provided do not allow him to adequately prepare a defense. Rather, Dominguez argues the indictment is vague and the information provided by the Government focuses on the events surrounding his July 15, 2024 arrest, the text messages between co-defendant Stephenson and the CI do not mention methamphetamine (or slang for such), and the search warrant only relates to co-defendant Stephenson. The crux of Dominguez's argument is that all of the evidence received in discovery centers around Stephenson and his actions and that Dominguez's "mere presence" with Stephenson at the times Stephenson was under surveillance is not enough to show he intentionally joined in a conspiracy to distribute methamphetamine or furthered such conspiracy.

The Government argues the indictment sufficiently identifies the charges and activities attributed to Dominguez and a significant amount of information concerning Dominguez has been provided in discovery. Filing No. 92. They contend the facts Dominguez needs are set forth in the search warrant Dominguez filed in support of his motion for bill of particulars and other documents already

2

provided throughout the Rule 16 discovery process. *Id.* The Government provides a detailed index outlining the information provided to Dominguez in discovery. Filing No. 93.

Pursuant to Fed. R. Crim. P. 7(f), the Court may direct the filing of a bill of particulars, which "serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." *United States v. Hernandez*, 299 F.3d 984, 989-990 (8th Cir. 2002)). "The trial court has broad discretion in granting or denying a bill of particulars." *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991).

To determine whether a bill of particulars is necessary, the Court should examine whether the indictment adequately states an offense. "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010) (quoting *U.S. v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993)). Only when an essential element "of substance" rather than "of form" is omitted is an indictment fatally insufficient. *U.S. v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012) (quoting *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir.1988)).

Upon review of the Indictment, the undersigned finds the indictment adequately states an offense, having tracked the statutes in question, and provides sufficient detail for Dominguez to understand the nature of the charges, prepare a defense, and avoid surprise. More specifically, the indictment apprised Dominguez of the elements of the offense, the type of drugs involved, and specified the time frame of the alleged conspiracy. *See i.e. United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011) (affirming the denial of a motion for bill of particulars on an indictment worded substantially similar to the one at issue when the defendant

argued he could not discern from the indictment who his alleged co-conspirators were, when or where the charged conduct occurred, or the scope and activities of the alleged conspiracy and, further, that he was unable to anticipate the scope of the case given the timeframe alleged in the indictment or the conduct that comprised the "substantial step" he allegedly took in furtherance of the attempt).

In addition, the Court has reviewed an affidavit for search warrant and the text messages that Dominguez offered in support of his motion. According to Dominguez "the texts provided seem to be between Stephenson . . . and the Undercover Officer." First, Dominguez appears to argue the affidavit does not indicate any relevant behavior during the time period delineated in Count I, which is "on or about June 11, 2024 and continuing to on or about July 15, 2024"[1], outside of the activities related to Dominguez's arrest. The affidavit indicates that, on July 15, 2024, the affiant observed Dominguez meet with two individuals, Dominguez

---

[1] The undersigned notes the indictment contains "on or about" language regarding the time frame. Dominguez appears to take issue with the fact that information in the affidavit involving Dominguez occurred outside the *specific* time frame mentioned in the indictment (ignoring the on or about language) when discussing the affidavit. The affidavit discusses actions of Dominguez that occurred on May 7, 2024 (approximately one month prior to the approximate beginning date set forth in the indictment) through July 15, 2024, including specific communications on June 9, 2024. The Eighth Circuit has indicated, on multiple occasions, "[t]he use of on or about in an indictment relieves the government of proving that the crime charged occurred on a specific date, so long as it occurred within a reasonable time of the date specified. And if the proof at trial does not show that the crime occurred within a reasonable time of the date specified in the indictment, a variance between the date in the pleading and the proof is not fatal if the proof shows that the acts charged were committed within the period of the statute of limitations and prior to the date of the indictment, as long as the date is not a material element of the offense, and the defendant is not prejudiced." *United States v. Webster*, 797 F.3d 531, 534 (8th Cir. 2015) (internal citations omitted); *see also United States v. Hernandez*, 919 F.3d 1102, 1106 (8th Cir. 2019) (citing *United States v. Nersesian*, 824 F.2d 1294, 1323 (2d Cir. 1987) (no material variance where indictment alleged "on or about June 1984" and offense occurred in July or early August; *United States v. Leibotwitz*, 857 F.2d 373, 379 (7th Cir. 1988) (no variance where offense occurred within twenty-one days of date alleged); *Real v. Shannon*, 600 F.3d 302, 308 (3rd Cir. 2010) ("Our sister Circuits have held that where, as here, the government's evidence proves that an offense was committed within a month of the month specified in an 'on or about' indictment or information, the 'reasonably near' requirement is satisfied.") (citations and quotations omitted)).

4

traveled with Stephenson to a Pizza Hut (which aligns with the text messages Dominguez submitted as evidence in support of his motion), and controlled substances (which included methamphetamine) were found in the vehicle in which Dominguez traveled to the location. Filing No. 88-2. Moreover, the affidavit indicates that, upon review of Stephenson's phone, the affiant observed Stephenson and Dominguez to have communications through various means that were narcotics related, including selling and using narcotics. *Id.* at 6. According to the affidavit, these communications included conversations about Stephenson and Dominguez receiving large amounts of narcotics from a third party (referred to as "Broke"), that Dominguez was receiving shipments of narcotics from "Broke", and, further, that Dominguez has another narcotics source besides "Broke." *Id.* Furthermore, upon review of the Government's Index of Reports, these two documents are only a portion of what the Government has provided to Dominguez throughout discovery. *See* Filing No. 93.

A defendant's need for a bill of particulars is diminished when the government has made sufficient disclosures concerning its evidence by other means. *See U.S. v. Huggans,* 650 F.3d 1210, 1220 (8th Cir. 2011) (taking into account the extent of discovery provided by the government when considering a motion for a bill of particulars); *United States v. Chen*, 378 F.3d 151 (2nd Cir. 2004) (district court did not abuse discretion in denying bill of particulars where government provided FBI reports/interviews, grand jury testimony, and recordings). The undersigned finds that, upon review of the indictment and only a small portion of the discovery produced in this case, Dominguez is sufficiently apprised of the charges against him so as to enable him to prepare for trial.

In essence, it appears Dominguez is asking the government to delineate the evidence it has to support each element of the charged offense. However, "a bill of particulars is not to be used for discovery purposes." *United States v. Milk*, 66 F.4th 1121, 1133 (8th Cir. 2023) (quotation omitted). Moreover, "[a]cquisition of

evidentiary detail is not the function of a bill of particulars." *United States v. Matlock*, 675 F.2d 981, 986 (8th Cir. 1982).

    For the reasons set forth herein, the undersigned finds Dominguez has been advised of the nature of the charges against him with sufficient precision to enable him to thoroughly prepare for trial. As such, his motion for a bill of particulars, Filing No. 86, is denied.

    Dated this 15th day of October, 2025.

                               BY THE COURT:

                               *s/ Jacqueline M. DeLuca*
                               United States Magistrate Judge