IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiffs,

vs.

ALFREDO VENANCIO DOMINGUEZ,

Defendant.

**4:24CR3087**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Statement of Objections (Filing No. 135) to the Magistrate Judge's Findings and Recommendation dated November 24, 2025 (Filing No. 134). For the reasons explained below, Defendant's objections to the Findings and Recommendation will be overruled.

**BACKGROUND**

Defendant is charged with conspiracy to distribute and possess methamphetamine, and using and carrying a firearm in relation to, and in furtherance of, a drug trafficking crime. (Filing No. 1.) Defendant filed a motion to suppress evidence (Filing No. 89), arguing that officers had no probable cause to arrest him[1] and unlawfully searched his bag at the time of his arrest. Following an evidentiary hearing, the Magistrate Judge issued a Findings and Recommendation, recommending that Defendant's motion to suppress (Filing No. 89) be denied.[2] The Magistrate

---

[1]Defendant has not objected to the Magistrate Judge's determination that probable cause existed for his arrest. (Filing No. 134). Therefore, this issue will not be addressed in this Memorandum and Order.

[2] Defendant filed another motion to suppress which was also addressed by the Magistrate Judge in the Findings and Recommendation. (Filing No. 128.) Defendant has not asserted any objections pertaining to the Magistrate Judge's findings regarding that motion.

Judge concluded that Defendant's bag was searched incident to his lawful arrest. Defendant objects to this finding.[3]

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 636(b)(1), when a party objects to a proposed findings of fact and recommendation by a magistrate judge, the Court must "make a de novo determination of those portions . . . to which objection is made." *Id. See also Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is required to make a de novo review of the record related to the objections . . ."). The reviewing district court judge is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see* Fed. R. Crim. P. 59(b)(3). If desired, a reviewing district court judge may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

When a party contests a magistrate judge's findings that resulted from an evidentiary hearing, the reviewing district court judge does not need to conduct another hearing. *See United States v. Raddatz*, 447 U.S. 667, 674 (1980) (holding that 28 U.S.C. § 636 "calls for a de novo determination, not a de novo hearing"). Instead, the district court discharges its duty by, at a minimum, listening to a tape recording or reading a transcript of the evidentiary hearing. *See United States v. Azure*, 539 F.3d 904, 910–11 (8th Cir. 2008). Here, the Court has read the transcript of the hearing and has reviewed the exhibits. The Court has also reviewed all briefing submitted by the parties. Having done so, the Court finds that Defendant's objections should be overruled.

**DISCUSSION**

Defendant argues the Magistrate Judge improperly found that the search of his bag was justified under the search incident to arrest exception to the warrant requirement. Defendant maintains that the search incident to arrest exception is inapplicable because when the bag was searched, it was beyond his reach and officers had control of the scene. Defendant claims officers were not concerned about their safety because they left the bag unattended—even though they suspected it contained a gun; had lowered their weapons; were moving around the parking lot

---

[3] For purposes of brevity, the Court will not recite all facts underlying this dispute in this Memorandum and Order. The background facts are set out in detail in the Magistrate Judge's Findings and Recommendation.

seemingly not paying attention to the suspects; and took time to retrieve gloves before searching the bag. Defendant asserts that Plaintiff has not presented any testimony that the bag was searched for officer safety. Defendant also argues that the Magistrate Judge relied on unpersuasive and factually distinguishable case law in determining that the search incident to arrest exception applied.

"[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (quotation omitted). One such exception—the search incident to an arrest exception—allows officers to search "the arrestee's person and the area 'within his immediate control'" without a warrant. *Id.* (quoting *Chimel v. California*, 395 U.S. 752 (1969)). A search incident to arrest may lawfully extend to the "area into which an arrestee might reach in order to grab a weapon or evidentiary items." *United States v. Perdoma*, 621 F.3d 745, 750 (8th Cir. 2010) (quotation omitted). "This exception 'derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations.'" *Id.* (quoting *Gant*, 556 U.S. at 337).

Defendant's primary argument is that the bag was not within his immediate control at the time of the search because he was on the ground and handcuffed. However, the fact that Defendant was handcuffed is not determinative of whether the search incident to arrest exception applies. The Eighth Circuit has "rejected the notion that an officer's exclusive control of an item necessarily removes the item from the arrestee's area of immediate control." *Perdoma*, 621 F.3d at 750. "Whether an officer has exclusive control of a seized item does not . . . necessarily determine whether the item remains in the area from within which the arrestee might gain possession of a weapon or destructible evidence." *Id.* (quotation omitted). *See also United States v. Horne*, 4 F.3d 579, 586–87 (8th Cir. 1993) (upholding a search that occurred after the defendant and another individual had been handcuffed because the officer "could reasonably have believed that weapons were within reach of the hand-cuffed detainees or others in the house who had not yet been detained"); *United States v. Collier*, No. 4:24CR3067, 2025 WL 2426744 (D. Neb. Aug. 22, 2025) (finding the search of the defendant's bag was a search incident to arrest even though the defendant was handcuffed at the time of the search because the search occurred in close proximity to where the defendant was restrained).

The Court has reviewed the videos of the encounter and agrees with the Magistrate Judge that the search was performed incident to Defendant's lawful arrest. (Filing No. 123, Ex. 2.) The recordings of the encounter show that the scene of the search and the officers' demeanor were not as calm as Defendant would like the Court to believe.  Leading up to the search, officers exited their vehicles with their guns drawn and ordered everyone on the ground.  (Filing No. 123, Ex. 2.) Though hard to see from the videos, it appears that after seeing officers pull into the gas station where the encounter occurred, Defendant removed the bag from his person and placed it on the ground near the front of a nearby vehicle.  (Filing No. 123, Ex. 2; Filing No. 131.) Officers can be heard in the videos yelling at the individuals not to move, and can be seen with their weapons drawn. (Filing No. 123, Ex. 2.)  As Defendant was on the ground being handcuffed by an officer, another officer retrieved the bag and placed it on the hood of the nearby vehicle.  (Filing No. 123, Ex. 2.) An officer looked in the bag several seconds later—while four individuals were still on the ground being secured by other officers.  (Filing No. 123, Ex. 2.) Two of these individuals were within reach of the bag—including Defendant. (Filing No. 123, Ex. 2; Filing No. 131.) All these events transpired quickly.  From the time officers arrived on scene, to the point when the search started, only around one minute had elapsed.  (Filing No. 123, Ex. 2.)  From the point the bag was placed on the vehicle, to the time of its search, approximately thirty seconds had passed.  (Filing No. 123, Ex. 2.) This was not a situation in which the arrest/restraint process was finished, and the restrained individuals had been removed from the area of the item to be searched.  (Filing No. 123, Ex. 2.) Suffice it to say, the scene was not fully under the officers' control, as Defendant claims.

The video evidence shows that Defendant's restraint did not remove all possibility of access to the weapon. "[H]andcuffs are not fail-safe[.]" *United States v. Shakir*, 616 F.3d 315, 320 (3d Cir. 2010).  *See United States v. Sanders*, 994 F.2d 200, 209 (5th Cir. 1993) (stating that "[a]lbeit difficult, it is by no means impossible for a handcuffed person to obtain and use a weapon concealed on his person or within lunge reach, and . . . like any mechanical device, handcuffs can and do fail on occasion"). The bag was searched near where Defendant and another individual were restrained.  (Filing No. 123, Ex. 2.) It is certainly conceivable that one of them could have escaped from officers and grabbed the weapon that was within their reach.  It is also possible that the weapon could have fallen from the hood of the vehicle and come even closer to Defendant. In fact, one item did slide off the hood of that vehicle as the individuals were being secured by officers.  (Filing No. 123, Ex. 2.) Based on the location of bag and the fact that the search occurred

4

contemporaneous to the time of arrest, the Court finds the officers were justified in looking inside the bag incident to the arrest.[4]

In his brief in support of his objections, Defendant spends time arguing that the Magistrate Judge relied upon case law that is not instructive or somehow distinguishable. However, the Magistrate Judge set out the proper legal principles in her analysis. Even though the cited case law may have had some distinguishing characteristics or facts, this does not necessarily mean the case is of no value. Very few cases are exactly alike.  The authority the Magistrate Judge relied upon was appropriate and the citation of these cases did not render the Magistrate Judge's conclusions incorrect. Defendant's objections to the Magistrate Judge's Findings and Recommendation will be overruled.

Accordingly,

**IT IS ORDERED:**

1.  Defendant's Statement of Objections to Magistrate Judge's Order (Filing No. 135) is overruled.
2.  The Magistrate Judge's Findings and Recommendation (Filing No. 134) is adopted in its entirety.
3.  Defendant's Motion to Suppress (Filing No. 89) is denied.
4.  Defendant's Motion to Suppress (Filing No. 128) is denied.
5.  This matter will be set for trial by separate order.

Dated this 6th day of February, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

---

[4] Before the bag was searched, officers suspected the bag contained a gun. When the bag was retrieved from the ground, the officer who picked up the bag can be heard on video telling another officer to "toss" the bag because there was a gun in it.  (Filing No. 123, Ex. 2.)